UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC., <br><br>*Plaintiffs* <br><br>v. <br><br>WWW.BLIPPIMERCH.COM, WWW.COCOMELONBACKPACK.COM, WWW.COCOMELONBIRTHDAYSHIRT.COM, WWW.COCOMELONBLANKET.COM, WWW.COCOMELONMERCH.COM and WWW.COCOMELONSTICKERS.COM, <br><br>*Defendants* | 23-cv-1384 (JHR) <br><br>[PROPOSED] <br>**PRELIMINARY INJUNCTION ORDER** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/2023

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiffs** | Moonbug Entertainment Limited ("Moonbug") and Treasure Studio Inc. ("Treasure") |
| **Defendants** | www.blippimerch.com, www.cocomelonbackpack.com, www.cocomelonbirthdayshirt.com, www.cocomelonblanket.com, www.cocomelonmerch.com and www.cocomelonstickers.com |
| **GoDaddy** | GoDaddy Inc, with an address of 2155 E GoDaddy Way, Tempe, Arizona 85284, and any and all affiliated companies, which operate a domain name registrar and web hosting company, available at www. www.godaddy.com, that allows consumers to register domain names and create websites |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs' *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Miller Dec.** | Declaration of Robert Miller in Support of Plaintiffs' Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiffs' Application |
| **Blippi** | A fun, energetic entertainer known for his goofy mannerisms, signature blue and orange outfit and educational videos |
| **Blippi Content** | Interactive videos exploring the world through the eyes of a child while teaching them valuable skills such as counting, learning colors and much more |
| **Blippi Applications** | U.S. Trademark Serial Application Nos.: 97/429,181 for "BLIPPI" for goods in Classes 3, 5, 8, 10, 11, 12, |

2

|  | 14, 15, 26, 29, 30, 32, 35, 42 and 43; 97/526,007 for "BLIPPI" for goods in Classes 18, 20, 21, 24 and 27; and 97/429,175 for " ![Blippi logo] " for goods in Classes 3, 5, 8, 10, 11, 12, 14, 15, 18, 20, 21, 24, 26, 27, 29, 30, 32, 35, 42 and 43 |
|---|---|
| **Blippi Registrations** | U.S. Trademark Registration Nos.: 5,333,930 for "BLIPPI" for a variety of goods in Class 28; 5,335,209 for "BLIPPI" for a variety of goods in Class 25; 5,335,204 for "BLIPPI" for goods in Class 16; 5,345,563 for "BLIPPI" for goods in Class 9; 6,889,959 for "BLIPPI" for goods in Classes 18, 20, 21 and 24; and 6,495,654 for " ![Blippi logo] " for goods in Classes 9, 16, 25, 28 and 41 |
| **Blippi Marks** | The marks covered by the Blippi Registrations and Blippi Applications |
| **Blippi Products** | A variety of consumer products, such as t-shirts, backpacks and other gear |
| **CoComelon Content** | A popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs |
| **CoComelon Applications** | U.S. Trademark Serial Application Nos.: 88/681,262 for "COCOMELON" for goods in Class 28; 88/681,248 for "COCOMELON" for goods in Class 9; 88/681,253 for "COCOMELON" for goods in Class 25; 88/681,276 for " ![CoComelon logo] " for goods in Class 25; and 88/681,270 for " ![CoComelon logo] " for goods in Class 9 |

3

| CoComelon Registrations | U.S. Trademark Registration No. 6,375,368 for "COCOMELON" for goods in Class 16; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25; 5,918,526 for "[CoComelon logo]" for goods in Classes 9 and 41; 6,895,835 for "[CoComelon logo]" for goods in Class 3; 6,895,863 for "[CoComelon logo]" for goods in Class 9; 6,563,758 for "[CoComelon logo]" for goods in Class 25; 6,895,688 for "[CoComelon logo]" for goods in Class 25; and 6,931,433 for "[CoComelon logo]" for goods in Class |

4

| | |
|---|---|
| | 28 |
| **CoComelon Marks** | The marks covered by the CoComelon Registrations and CoComelon Applications |
| **CoComelon Works** | U.S. Copyright Registration Nos.: VAu 1-379-978 covering JJ; VAu 1-322-038 covering Unpublished Family Characters 2017 and VAu 1-319-613 covering Animal Characters 2017 and VAu 1-374-077 covering Cocomelon Logo |
| **CoComelon IP** | CoComelon Marks and CoComelon Works |
| **CoComelon Products** | A variety of consumer products including toys, apparel, backpacks and other gear |
| **Counterfeit Products** | Products bearing or used in connection with the Blippi Marks and/or CoComelon IP and/or products in packaging and/or containing labels and/or hang tags bearing the Blippi Marks and/or CoComelon IP, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Blippi Marks and/or CoComelon IP and/or products that are identical or confusingly or substantially similar to the Blippi Products and/or CoComelon Products |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.blippimerch.com, www.cocomelonbackpack.com, www.cocomelonbirthdayshirt.com, www.cocomelonblanket.com, www.cocomelonmerch.com and www.cocomelonstickers.com, along with the domain names associated therewith |
| **Infringing Domain Names** | www.blippimerch.com, www.cocomelonbackpack.com, www.cocomelonbirthdayshirt.com, www.cocomelonblanket.com, www.cocomelonmerch.com and www.cocomelonstickers.com |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' Websites |

5

|  | (whether said accounts are located in the U.S. or abroad) |
|---|---|
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and ShopPay |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Counterfeit Products and and/or Defendants' Websites, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, such as Dept # T42 Shipping Dept located at 1055 Sesame Street, Franklin Park, Illinois 60131, Shipping Dept., 7300 W Side Ave, North Bergen, New Jersey 07047, Shipping Dept, Dept CA, North Dock 87-88, 10681 Production Ave, Fontana, CA 92337 website hosts, such as Cloudflare, domain name registrars, such as GoDaddy and domain name registries |

WHERAS, Plaintiffs moved *ex parte* on February 17, 2023 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting, in part, Plaintiffs' Application on February 24, 2023 (the "TRO"), which ordered Defendants to appear on March 9, 2023 at 9:00 a.m. to show cause why a preliminary injunction should not issue (the "Show Cause Hearing");

WHEREAS, on March 6, 2023, Plaintiffs filed a letter requesting extension and modification of the TRO;

WHEREAS, the Court granted Plaintiffs' letter request, adjourning the Show Cause Hearing to March 23, 2023 at 11:30 a.m.;

WHEREAS, on March 20, 2023, Plaintiffs filed a subsequent letter renewing their request for alternative service. On the same day, the Court granted Plaintiffs' request and ordered Plaintiffs to serve Defendants no later than March 20, 2023 at 10:00 p.m. (the "March 20, 2023 Order");

WHEREAS, on March 22, 2023, the Court sent Plaintiffs a link to the show cause hearing scheduled for Friday, March 24, 2023 at 1:00 p.m. (the "Show Cause Hearing Information");

WHEREAS, on March 20, 2023, pursuant to the alternative methods of service authorized by the March 20, 2023 Order, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of the Application and the March 20, 2023 Order on each of Defendants' email addresses;

WHEREAS, on March 22, 2023, pursuant to the alternative methods of service authorized by the March 20, 2023 Order, Plaintiffs served the Show Cause Hearing Information on each of Defendants' email addresses;

WHEREAS, on March 24, 2023 at 1:00 p.m., Plaintiffs appeared at the Show Cause Hearing, however no Defendants appeared.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Blippi Marks and/or CoComelon IP and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Blippi Marks and/or CoComelon IP;

    ii. directly or indirectly infringing in any manner Plaintiffs' Blippi Marks and/or CoComelon IP;

    iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Blippi Marks and/or CoComelon IP, to identify any goods or services not authorized by Plaintiffs;

    iv. using Plaintiffs' Blippi Marks and/or CoComelon IP and/or any other marks and/or artwork that are confusingly or substantially similar to the Blippi Marks and/or CoComelon IP on or in connection with Defendants' Websites

and/or Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, website owned or operated by Defendants, services provided by Defendants and/or Defendants' commercial activities by Plaintiffs;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to Defendants' Websites, Defendants' Assets and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

viii. linking, transferring, selling and/or operating Defendants' Websites;

      ix. registering, trafficking in or using any domain names that incorporate any of Plaintiffs' Blippi Marks and/or CoComelon IP or any other marks and/or artwork that are confusingly or substantially similar to the Blippi Marks and/or CoComelon IP, or any colorable imitation thereof, including the Infringing Domain Names; and

      x. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above, and 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

      ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

      iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) and 1(b)(i) through 1(b)(ii) above, and 1(c)(i) through 1(c)(ii) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined

      from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. providing services to Defendants, including, without limitation, those in connection with the continued operation of Defendants' Websites;

        ii. permitting the transfer, sale and/or assignment of Defendants' Websites; and

        iii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within five (5) days of receipt of service of this Order, any newly discovered Financial Institutions shall locate and attach Defendants' Financial Accounts, provide written confirmation of such attachment to Plaintiffs' counsel and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' Websites, including contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served

with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

b) Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

c) Within fourteen (14) days of receipt of service of this Order, all Financial Institutions who are served with this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   i. account numbers;
   ii. current account balances;
   iii. any and all identifying information for Defendants and/or Defendants' Websites, including names, addresses and contact information;
   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;
   v. any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify

       the geographic location(s) of any consumers from which deposits were sent, deposit slips, withdrawal slips, cancelled checks and account statements; and

  vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Websites, including, but not limited to, documents and records relating to:

  i. account details, including, without limitation, identifying information and account numbers for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

  ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

  iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, a full accounting of Defendants' sales history and listing history under Defendants' Websites and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites; and

      iv. Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products, or any other products bearing the Blippi Marks and/or CoComelon IP and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Blippi Marks and/or CoComelon IP.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

    a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download a PDF copy of this Order to Defendants' e-mail addresses, mycustomerservice11@gmail.com, cs@cocomelonbackpack.com, cs@cocomelonbirthdayshirt.com, cs@cocomelonblanket.com, cs@cocomelonmerch.com and cs@cocomelonstickers.com.

5. As sufficient cause has been shown, such alternative service by electronic means ordered in the March 20, 2023 Order and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc., at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@us.dlapiper.com, respectively;

c) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Shopify Inc. will be able to download a PDF copy of this Order via electronic mail to legal@shopify.com and legal-orders@shopify.com;

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

f) delivery of (i) a PDF copy of this Order, or (ii) a link to a secure website where GoDaddy will be able to download a PDF copy of this Order via electronic mail to compliancemgr@godaddy.com and courtdisputes@godaddy.com;

g) delivery of a copy of this Order to Dept # T42 Shipping Dept located at 1055 Sesame Street, Franklin Park, Illinois 60131;

    h) delivery of a copy of this Order to Shipping Dept., 7300 W Side Ave, North Bergen, New Jersey 07047; and

    i) delivery of a copy of this Order to Shipping Dept, Dept CA, North Dock 87-88, 10681 Production Ave, Fontana, CA 92337.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendant that is subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

Within 60 days of the date of this Order, Plaintiffs shall file a letter updating the Court on the status of settlement discussions.

**SO ORDERED.**

SIGNED this  28th  day of ____March____, 2023, at   1:15   p.m.
New York, New York

                                                  _____
                                                  HON. JENNIFER H. REARDEN
                                                  UNITED STATES DISTRICT JUDGE